PEOPLE v BLACK

Docket No. 142775. Submitted December 9, 1993, at Grand Rapids. Decided February 7, 1994, at 9:30 A.M.

Amy L. Black, a juvenile, was tried as an adult and convicted by a jury in the Muskegon Circuit Court, Ronald H. Pannucci, J., of first-degree premeditated murder and armed robbery. The court found that it was in the best interests of the defendant and the public to sentence her as an adult and sentenced her to prison for life without the possibility of parole. The defendant appealed.

The Court of Appeals *held:*

1. The automatic vesting of jurisdiction in circuit courts to try as an adult juveniles charged with one of the enumerated crimes does not violate the separation of powers doctrine of Const 1963, art 3, § 2, because, although the prosecutors have the power to choose whether to proceed in the probate court or the circuit court, all judicial power continues to be exercised by the judiciary.

2. Error did not result from the fact that the defendant initiated an interview with the police after she had demanded a lawyer and exercised her right to remain silent. Although that would not have been permitted if the charges had been brought against her in the juvenile division of the probate court, she was tried as an adult in the circuit court and should be subject to the rules of law applicable to adults.

3. Because of the seriousness of the crime in this case and the fact that there was testimony that sentencing the defendant as a juvenile would not permit her rehabilitation during the time that she would remain in the juvenile justice system, the trial court did not err in sentencing her as an adult.

Affirmed.

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Children §§ 38, 39.

Right to and appointment of counsel in juvenile court proceedings. 60 ALR2d 691.

Validity and efficacy of minor's waiver of right to counsel—modern cases. 25 ALR4th 1072.

CRIMINAL LAW — EVIDENCE — JUVENILES — JUVENILES TRIED AS ADULTS.

> The violation of the prohibition against permitting juveniles to initiate interviews with the police after having demanded a lawyer and having exercised the right to remain silent does not constitute error requiring reversal where the juvenile is tried as an adult.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Kevin A. Lynch,* Senior Assistant Prosecuting Attorney, for the people.

*Balgooyen Law Offices, P.C.* (by *Gerald W. Gibbs*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and CONNOR and A. A. MONTON,* JJ.

CONNOR, J. Defendant was a juvenile who was tried as an adult pursuant to MCL 764.1f; MSA 28.860(6). A jury found her guilty of first-degree premeditated murder, MCL 750.316; MSA 28.548, and armed robbery, MCL 750.529; MSA 28.797. After a hearing, the trial court found that the best interests of the juvenile and the public would be served by sentencing her as an adult. MCL 769.1(3); MSA 28.1072(3) and MCR 6.931. Defendant was then sentenced to prison for life without the possibility of parole. Defendant appeals as of right, and we affirm.

Defendant first argues that the automatic waiver law, see MCL 600.606; MSA 27A.606 and MCL 764.1f; MSA 28.860(6), and related court rules, see MCR 6.901 *et seq.,* violate the separation of powers doctrine found in Const 1963, art 3, § 2. We disagree. The waiver statutes and rules do not give prosecutors authority to exercise judicial

---

* Circuit judge, sitting on the Court of Appeals by assignment.

power. Rather, the automatic waiver provisions simply vest the circuit courts with jurisdiction to hear certain cases that previously came within the exclusive jurisdiction of the probate courts. See *People v Veling,* 443 Mich 23, 31; 504 NW2d 456 (1993). Consequently, while prosecutors have the choice of proceeding in either the probate court or the circuit court, all judicial power continues to be exercised by the judiciary.

Defendant next contends that, as a juvenile, she should not have been permitted to initiate an interview with police after she previously had demanded a lawyer and exercised her right to remain silent. However, an adult is free to do so, *Edwards v Arizona,* 451 US 477; 101 S Ct 1880; 68 L Ed 2d 378 (1981), and we see no reason why a juvenile later tried as an adult should be treated differently. Cf. *People v Spearman,* 195 Mich App 434, 443-445; 491 NW2d 606 (1992).[1]

Finally, defendant contends that the trial court erred in sentencing her as an adult. In this case and in many others like it, our statutes create a serious quandary for the trial court. For older juveniles guilty of crimes that carry mandatory life sentences without any possibility of parole, trial courts are caught between Scylla and Charybdis:[2] between underpunishing the most serious juvenile crimes or sentencing teenagers to live out their lives in prison. It is not surprising that perplexed judges faced with the dilemma sometimes choose poorly. See *People v Haynes,* 199 Mich App 593; 502 NW2d 758 (1993); *People v Miller,* 199 Mich App 609; 503 NW2d 89 (1993).

---

[1] In *Veling, supra* at 43, our Supreme Court overruled *Spearman* to the extent it was inconsistent with its resolution of an issue not presented in this case.

[2] Caught between the peril of a rock on the one hand, Scylla, and a whirlpool on the other, Charybdis, so that any attempt to avoid the peril posed by the one probably involves encountering the peril posed by the other.

In this case, the trial court had before it a seventeen-year-old girl who had been found guilty of aiding and abetting a premeditated murder. If the trial court determined she should be sentenced as an adult, it would have no ability to fashion a sentence that took into account the part she played in the crime and the role her youth played in her decision to participate. On the other hand, if the trial court determined defendant should be sentenced as a juvenile, it would not be able to impose an appropriate sentence for participating in such a serious crime.

The testimony at the sentencing hearing showed that defendant had a real chance at being rehabilitated. The testimony also showed that she would not be subject to the juvenile justice system for a period sufficient to accomplish the rehabilitation. This left the trial court with two bad alternatives: sentence defendant as a juvenile and thereby endanger society, or sentence defendant as an adult and condemn a potentially salvageable child to spend the rest of her life in prison. Under the circumstances, we cannot say that the trial court erred in making the choice it made.

Affirmed.