PEOPLE v LAUNSBURRY

Docket No. 178536. Submitted April 16, 1996, at Grand Rapids. Decided
     June 25, 1996, at 9:15 A.M. Leave to appeal sought.

     Stephen Launsburry, a juvenile, was convicted by a jury in the Kent
        Circuit Court of two counts of first-degree murder, armed robbery,
        kidnapping, and possession of a firearm during the commission of
        a felony. The proofs at trial showed that the defendant and his
        codefendant flagged down the victim with the intent to steal her
        vehicle. The defendant pulled a revolver and ordered the victim to
        follow his directions. In pretrial statements to police, the defendant
        admitted that he shot the victim twice in the head; however, at
        trial, the defendant testified that the codefendant had shot the vic-
        tim and that he had made the statements taking the blame because
        of the belief that he, as a juvenile, would not be subject to as harsh
        a penalty as the codefendant. The court, Dennis B. Leiber, J., deter-
        mined that the defendant should be sentenced as an adult, sen-
        tenced the defendant to a life sentence without the possibility of
        parole for one of the murder convictions and the mandatory two
        years' imprisonment for the felony-firearm conviction, and vacated
        the other convictions. The defendant appealed.

        The Court of Appeals held:

        1. The trial court's instructions concerning the elements of felony
     murder fairly presented the issues to be tried and sufficiently pro-
     tected the defendant's rights.

        2. Although the prosecutor went beyond proper comment regard-
     ing the evidence by referring to the defendant as a "moron," an
     "idiot," and a "coward," given the overwhelming evidence of the
     defendant's guilt and the isolated nature of the comments, neither
     the prosecutor's making of the comments nor the defense counsel's
     failure to object to those comments rises to a level of error requir-
     ing reversal of the convictions.

        3. The trial court's findings of fact regarding each factor enumer-
     ated in MCL 769.1(3); MSA 28.1072(3) were not clearly erroneous,
     and the court's determination to sentence the defendant as an adult
     was not an abuse of discretion given the severity of the offense and
     the inability to predict whether the defendant would still be dan-
     gerous at the age of twenty-one. The court had all the statutorily

required evidence before it and rendered its decision concerning sentencing the defendant as an adult in accordance with applicable law and procedures.

4. The imposition on the defendant, a juvenile who was sixteen years old, of a sentence of life imprisonment without possibility of parole for the conviction of first-degree murder did not constitute cruel or unusual punishment.

Affirmed.

HOMICIDE — SENTENCES — JUVENILES — MANDATORY LIFE SENTENCES — CRUEL OR UNUSUAL PUNISHMENT.

The imposition of a mandatory life sentence without the possibility of parole on a juvenile convicted of first-degree murder does not constitute cruel or unusual punishment.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting Attorney, and *Timothy K. McMorrow*, Chief Appellate Attorney, for the people.

State Appellate Defender (by *Debra A. Gutierrez*), for the defendant on appeal.

Before: MCDONALD, P.J., and MARKMAN and C. W. JOHNSON,* JJ.

MCDONALD, P.J. Following a jury trial, defendant was convicted of two counts of first-degree felony murder, MCL 750.316; MSA 28.548, armed robbery, MCL 750.529; MSA 28.797, kidnapping, MCL 750.349; MSA 28.581, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). All the convictions except for one count of first-degree felony murder and for felony-firearm were vacated, and defendant was sentenced to a two-year term of imprisonment for the felony-firearm conviction,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

which is to be served consecutively to and before the nonparolable life sentence for the murder conviction. Defendant now appeals as of right from both his convictions and sentences. We affirm. ·

On November 26, 1993, defendant and codefendant, Gregory Wines, intending to steal a vehicle in order to leave town, flagged down the victim's car. The victim was an expectant mother who was the lone occupant of the vehicle. After the victim stopped, defendant got into the passenger side of the vehicle. Wines sat directly behind the victim. Defendant pulled a .22 caliber revolver from his waistband and told the victim to follow his directions. After traveling for a time, defendant told the victim to pull over and stop the vehicle. Defendant ordered the victim out of the car. While Wines remained in the vehicle, defendant walked the victim toward a factory building. In defendant's first two statements to the police, defendant admitted that when he and the victim came to a wall of the building, he shot the victim twice in the back of the head. However, at trial, defendant testified it was codefendant Wines who shot the victim after defendant made the victim get down on her hands and knees. Defendant claims he agreed to take the blame for the shooting because he was a juvenile and would not be subject to as harsh a penalty as codefendant. Defendant stated he was willing to take the "rap" even though his codefendant was the person that turned him in. Defendant does not dispute that he and Wines planned the robbery in advance and that defendant acquired the gun and ammunition used in the murder.

On appeal, defendant first claims the trial court erred in instructing the jury with regard to the ele-

ments of felony murder. We find no error. Defendant failed to object to the instructions below, and the instructions given fairly presented the issues to be tried and sufficiently protected defendant's rights. *People v Pollick*, 448 Mich 376; 531 NW2d 159 (1995); *People v Caulley*, 197 Mich App 177; 494 NW2d 853 (1992).

We also find no merit in defendant's claim certain conduct by the prosecutor denied him his right to a fair trial. Once again, defendant's failure to object below limits our review of his claim on appeal. Absent an objection or a request for a curative instruction, this Court will not review alleged prosecutorial misconduct unless the misconduct is sufficiently egregious that no curative instruction would counteract the prejudice to defendant or unless manifest injustice would result from failure to review the alleged misconduct. *People v Allen*, 201 Mich App 98; 505 NW2d 869 (1993); *People v Gonzalez*, 178 Mich App 526; 444 NW2d 228 (1989). Neither situation is present here. A prosecutor may argue from the facts that a witness, including the defendant, is not worthy of belief, *People v Viaene*, 119 Mich App 690; 326 NW2d 607 (1982), and is not required to state inferences and conclusions in the blandest possible terms. *People v Marji*, 180 Mich App 525; 447 NW2d 835 (1989). Although the prosecutor went beyond proper comment regarding the evidence when he called the defendant a "moron," an "idiot," and a "coward," given the overwhelming evidence of defendant's guilt and the isolated nature of the comments, we do not believe the comments rise to the level of error requiring reversal. *People v Bahoda*, 448 Mich 261; 531 NW2d 659 (1995). Finally, defendant's

claim that his counsel's failure to object to the contested prosecutorial comments constituted a deprivation of his right to the effective assistance of counsel must also fail. To show ineffective assistance of counsel, a defendant must show that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Stanaway*, 446 Mich 643; 521 NW2d 557 (1994). Because the evidence of defendant's guilt was overwhelming, defendant cannot meet this burden.

Defendant next claims the trial court erred in sentencing him as an adult rather than as a juvenile. We disagree. Review of a trial court's decision to sentence a minor as a juvenile or as an adult is a bifurcated one. First, the trial court's factual findings supporting its determination regarding each factor enumerated in MCL 769.1(3); MSA 28.1072(3) are reviewed under the clearly erroneous standard. *People v Lyons (On Remand)*, 203 Mich App 465; 513 NW2d 170 (1994). The trial court's factual findings are clearly erroneous if, after review of the record, this Court is left with a definite and firm conviction that a mistake has been made. *Id. S*econd, the ultimate decision whether to sentence the minor as a juvenile or as an adult is reviewed for an abuse of discretion. *Id.*

A review of the record reveals the trial court carefully considered defendant's prior criminal record, his age, mental and physical maturity, potential for rehabilitation, the availability of treatment in the adult prison, and the circumstances surrounding the offense. The court's findings were not clearly erroneous and, given the severity of the offense and the inability to predict whether defendant would still be dangerous at the age of twenty-one, we find no abuse

of discretion in the court's decision to sentence him as an adult. MCL 769.1(3); MSA 28.1072(3); *Lyons, supra*; *People v Black*, 203 Mich App 428; 513 NW2d 152 (1994); *People v Cheeks*, 216 Mich App 470; 549 NW2d 584 (1996). Contrary to defendant's unsupported assertions on appeal, the trial court's failure to conduct educational and psychological testing on defendant did not deprive him of an accurate hearing. The court had all the statutorily required evidence before it and rendered its decision in accordance with applicable law and procedures.

Finally, defendant claims his status as a juvenile renders the mandatory sentence of life imprisonment without the possibility of parole cruel or unusual punishment. We disagree. Statutes are presumed to be constitutional, and this Court must construe them as being constitutional absent a clear showing of unconstitutionality. *People v Thomas*, 201 Mich App 111; 505 NW2d 873 (1993). Our Supreme Court has already ruled a mandatory life sentence without the possibility of parole for an adult is not cruel or unusual punishment. *People v Hall*, 396 Mich 650; 242 NW2d 377 (1976). In determining whether a punishment is cruel or unusual, one must look to the gravity of the offense and the harshness of the penalty, compare the penalty to those imposed for other crimes in this state as well as the penalty imposed for the instant offense by other states, and consider the goal of rehabilitation. *People v Bullock*, 440 Mich 15; 485 NW2d 866 (1992); *People v Lorentzen*, 387 Mich 167; 194 NW2d 827 (1972).

Applying these factors to the instant case, defendant concedes murder is a serious offense and that the punishment imposed in this case has been held to be

proportionate to the offense. *Hall, supra.* Other crimes in this state that carry the same sentence include the manufacture, delivery, or possession with intent to deliver or manufacture more than 650 grams of a controlled substance, MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i); premeditated murder, MCL 750.316; MSA 28.548; treason, MCL 750.544; MSA 28.812, and placing explosives with intent to destroy and causing injury to a person, MCL 750.207; MSA 28.404. A sample of the other states that permit sentences of life imprisonment without the possibility of parole for minors includes Washington, Massachusetts, Pennsylvania, Illinois, and Delaware. *State v Massey*, 60 Wash App 131; 803 P2d 340 (1990); *Commonwealth v Diatchenko*, 387 Mass 718; 443 NE2d 397 (1982); *Commonwealth v Sourbeer*, 492 Pa 17; 422 A2d 116 (1980); *People v Rodriguez*, 134 Ill App 3d 582; 480 NE2d 1147 (1985); *People v Spence*, 367 A2d 983 (Del, 1976). The fourth factor, the need for rehabilitation, is taken into consideration by Michigan courts when they determine whether juvenile defendants should be sentenced as adults rather than as juveniles. MCL 769.1(3)(a)-(f); MSA 28.1072(3)(a)-(f); *Lyons, supra* at 468-469. We conclude it is not cruel or unusual punishment to sentence a juvenile to life imprisonment without the possibility of parole. The crime of first-degree murder is the most serious offense possible to commit and should be dealt with harshly. See *Hall, supra*; *People v Hamp*, 110 Mich App 92; 312 NW2d 175 (1981). Michigan imposes the same sentence for crimes other than murder, and other states have imposed the same sentence for the crime of murder. Finally, the need to consider rehabilitation is already set forth as a factor to be consid-

ered in sentencing. We also note Michigan case law and statutes have treated juveniles as adults. In *People v Hana*, 443 Mich 202; 504 NW2d 166 (1993), our Supreme Court stated there is no constitutional right to be treated as a juvenile. In addition, our Legislature has enacted MCL 712A.4; MSA 27.3178(598.4), which allows a probate court to waive jurisdiction over cases involving children who have obtained the age of fifteen years and are accused of committing crimes that if committed by an adult would be felonies, as well as MCL 600.606; MSA 27A.606, which provides for automatic waiver of individuals between the ages of fifteen and seventeen from the probate court to the circuit court if they are charged with committing first-degree murder. The trial court's imposition of a life sentence without the possibility of parole on a sixteen-year-old does not constitute cruel or unusual punishment.

Affirmed.