# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMAL BOWMAN,

        Defendant-Appellant.

UNPUBLISHED
January 22, 2015

No. 317535
Kent Circuit Court
LC No. 12-006429-FC

Before: RIORDAN, P.J., and MARKEY and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his conviction for first-degree criminal sexual conduct, MCL 750.520b (penile-vaginal penetration). He was sentenced to 30 to 90 years of imprisonment. We affirm.

## I. BINDOVER

### A. STANDARD OF REVIEW

Defendant first contends that the district court erred in binding him over for trial.[1] "[A] decision to bind over a defendant is reviewed for abuse of discretion." *People v Corr*, 287 Mich App 499, 502; 788 NW2d 860 (2010). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008).

### B. ANALYSIS

---

[1] On January 30, 2013, defendant, *in propria persona*, filed a delayed application for leave to appeal and sought dismissal of the case based on insufficient evidence to bind him over for trial. This Court denied defendant's application for leave to appeal. *People v Bowman*, unpublished order of the Court of Appeals, entered March 7, 2013 (Docket No. 314537). The Michigan Supreme Court likewise denied defendant's application for leave to appeal. *People v Bowman*, 494 Mich 851; 830 NW2d 136 (2013).

Because defendant was acquitted of first-degree criminal sexual conduct involving oral-penile penetration, that issue is moot. See *People v Billings*, 283 Mich App 538, 548; 770 NW2d 893 (2009) (quotations omitted) ("An issue is moot if an event has occurred that renders it impossible for the court, if it should decide in favor of the party, to grant relief."). Furthermore, presentation of sufficient evidence at trial to convict defendant of first-degree criminal sexual conduct (vaginal-penile penetration) rendered any error in the bindover harmless. *People v Bennett*, 290 Mich App 465, 481; 802 NW2d 627 (2010) ("the presentation of sufficient evidence to convict at trial renders any erroneous bindover decision harmless.").

The prosecution was required to prove that defendant engaged in sexual penetration with the victim using force or coercion to accomplish the penetration and caused personal injury to the victim. MCL 750.520b(1)(f). The victim testified that after consensual sex with defendant, she wanted to leave the bedroom. Defendant prevented her from doing so. She screamed for help and defendant threatened to hit her. Defendant then hit her in the left eye. He pinned her on the bed and placed his knees on her shoulders while attempting to insert his penis into her mouth. Defendant also slammed something against the back of her neck and picked her up by the neck. He choked her and asked, "Who's gonna miss you?" Defendant then penetrated her vagina with his penis.

A sexual assault nurse testified about numerous injuries that the victim suffered, including swelling and bruising of her left eyelid, bruising on her left upper chest, thigh, arms, and several bruises on her neck. As for the victim's genital area, she had injuries to the fossa navicularis area, the posterior forchette, and her vaginal wall. According to the nurse, the injuries were more consistent with nonconsensual sexual intercourse and were consistent with the victim's account of the sexual assault.

Because the prosecutor presented sufficient evidence at trial to convict defendant of first-degree criminal sexual conduct, any error the district court may have made in the bindover was harmless. *Bennett*, 290 Mich App at 481.

## II. OTHER ACTS EVIDENCE

### A. STANDARD OF REVIEW

Defendant next contends that the trial court erred when admitting evidence of his prior sexual assault. "The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission, we review the question de novo." *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Reversal is not required "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001) (quotation marks and citation omitted).

## B. ANALYSIS

The other acts evidence at issue was defendant's forced penile-vagina penetration of another woman—a coworker—that he had known for a couple of days. MRE 404(b)(1) provides that evidence of other crimes, wrongs, or acts may be admitted for purposes other than character, "such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident[.]" However, this list is not exhaustive. *People v Ortiz*, 249 Mich App 297, 305; 642 NW2d 417 (2001). In order for other acts evidence to be admitted under MRE 404(b), the following four-part test must be met: (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) the probative value of the evidence may not be substantially outweighed by the danger of unfair prejudice; and, (4) the trial court may, upon request, provide a limiting instruction to the jury. *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993) amended 445 Mich 1205 (1994). "Evidence relevant to a noncharacter purpose is *admissible* under MRE 404(b) *even if* it also reflects on a defendant's character." *Mardlin*, 487 Mich at 615 (emphasis in original).

Here, even if the trial court abused its discretion in admitting the other acts evidence, defendant is not entitled to a new trial. If a trial court errs in admitting evidence, reversal is not required "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *Knapp*, 244 Mich App at 378. This case was not simply a credibility contest between the victim and defendant. Rather, the victim was examined by a sexual assault nurse who confirmed the victim's account of the sexual assault. The victim testified that after having consensual sex with defendant, she tried to leave the bedroom, but defendant angrily prevented her from doing so. He hit her in the left eye, and then pinned her on the bed with his knees on her shoulders. Defendant tried to force her to give him oral sex, hit the back of her neck, picked her up by the neck, and tried to choke her. Defendant then penetrated her vagina with his penis.

As the sexual assault nurse confirmed, there was swelling to the victim's left eye and a bruise on the eyelid. There was bruising to the victim's neck, left upper chest, and arms. During the genital exam, the nurse found injuries to the fossa navicularis, posterior forchette, and the vagina wall. In the nurse's opinion, the injuries were consistent with the history that the victim provided. The nurse also clarified that the victim's vaginal injuries were more consistent with nonconsensual penetration.

The victim's mother testified that when she visited the victim at jail, the left side of the victim's face was bruised. She had never seen the victim injured like that. Defendant's account of the incident provided no alternative explanation for the victim's injuries.[2] Therefore, there was untainted, uncontested evidence regarding the injuries the victim suffered that corroborated her testimony about what happened in the bedroom. After an examination of the entire cause, it does not affirmatively appear that it is more probable than not that any error was outcome determinative. *Knapp*, 244 Mich App at 378.

---

[2] Defendant testified that his elbow connected with the victim's upper body, but not in the head, and that he never had his knees on her shoulder.

## III. RAPE SHIELD

### A. STANDARD OF REVIEW

Defendant next contends that the trial court erred when excluding evidence of the victim's prior allegations of sexual assault, as it was relevant evidence that was not prohibited under the rape shield statute. We review a trial court's evidentiary decisions for an abuse of discretion. *Unger*, 278 Mich App at 216. We review constitutional issues *de novo*. *People v Powell*, 303 Mich App 271, 277; 842 NW2d 538 (2013). We review unpreserved issues for plain error affecting defendant's substantial rights. *People v King*, 297 Mich App 465, 472-473; 824 NW2d 258 (2012).

### B. ANALYSIS

While some narrow exceptions exist under the rape shield statute, generally specific instances of conduct, opinion evidence, and reputation evidence of a victim's sexual conduct are inadmissible under the rape shield statute. MCL 750.520j(1). "When a trial court exercises its discretion to determine whether evidence of a complainant's sexual conduct not within the statutory exceptions should be admitted, the court should be mindful of the significant legislative purposes underlying the rape-shield statute and should always favor exclusion of evidence of a complainant's sexual conduct where its exclusion would not unconstitutionally abridge the defendant's right to confrontation." *People v Benton*, 294 Mich App 191, 197-198; 817 NW2d 599 (2011); see also *People v Hackett*, 421 Mich 338, 349; 365 NW2d 120 (1984). Trial courts "must balance the rights of the victim and the defendant in each case." *Benton*, 294 Mich App at 198.

However, "the rape-shield statute does not preclude introduction of evidence to show that a victim has made prior false accusations of rape" because it "bears on the victim's credibility[.]" *People v Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991). Even so, a defendant must make an offer of proof to show falsity if he wishes to introduce evidence of prior, false allegations. *People v Adamski*, 198 Mich App 133, 142; 497 NW2d 546 (1993). A defendant may not "engage in a fishing expedition in hopes of being able to uncover some basis for arguing that the prior accusation was false." *Williams*, 191 Mich App at 274.

In the instant case, the evidence defendant sought to introduce was that the victim reported to various medical professionals that she had been sexually assaulted approximately nine times in her life, beginning when she was 14 years old. Defendant reasons that the victim's prior allegations of sexual assault must be false because no woman could be the victim of so many unreported sexual assaults. The record includes scant detail regarding these previous assaults. The victim only seemed to disclose limited information about the assaults to medical professionals, and it does not appear that the victim pursued any criminal charges against other individuals. Defendant essentially concludes that the number of assaults alone demonstrates falsity. That conclusion does not necessarily follow from its premise, as defendant, as a basis of the premise, discounts the possibility that some of the prior sexual assaults were perpetrated by the same individual. Therefore, we agree with the trial court that defendant did not offer proof of falsity, and the evidence was properly excluded. *Adamski*, 198 Mich App at 142.

Nor do we find any merit to defendant's argument that his right to present a defense was violated. Although a criminal defendant has a constitutional right to present a defense, *People v Anstey*, 476 Mich 436, 460; 719 NW2d 579 (2006), the right is not absolute, *Unger*, 278 Mich App at 250. "[A]n accused must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *King*, 297 Mich App at 474 (quotation marks and citation omitted). As we have recognized, "[t]he Michigan Rules of Evidence do not infringe on a defendant's constitutional right to present a defense unless they are arbitrary or disproportionate to the purposes they are designed to serve." *Id.* at 263 (quotation marks and citation omitted).

The trial court's ruling in this case comported with the rules of evidence. Defendant does not challenge the rules of evidence as arbitrary or disproportionate. Thus, he has not demonstrated that he is entitled to a new trial.

## IV. PROSECUTORIAL MISCONDUCT

### A. STANDARD OF REVIEW

Defendant next claims that he was denied a fair trial because of several instances of prosecutorial misconduct. "In order to preserve a claim of prosecutorial misconduct for appellate review, a defendant must have timely and specifically objected below, unless objection could not have cured the error." *People v Brown*, 294 Mich App 377, 382; 811 NW2d 531 (2011). We review preserved issues of prosecutorial misconduct *de novo* to determine if the prosecutor's statements denied defendant a fair and impartial trial. *Bennett*, 290 Mich App at 475. In the instant case, defense counsel objected when the prosecution asked defendant if sex with the other acts witness was consensual and when the prosecution stated "he can't help it, he did it again" in closing argument. Defendant preserved these issues for appeal.

However, defendant did not object when the prosecution stated that he had a motive to lie or referenced the other bad acts evidence in closing argument. Further, while defendant argued against the admission of his spontaneous statement during a motion hearing, he did not contend that the prosecution was knowingly presenting false evidence. "Where a defendant fails to object to an alleged prosecutorial impropriety, the issue is reviewed for plain error." *People v Aldrich*, 246 Mich App 101, 110; 631 NW2d 67 (2001). "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Bennett*, 290 Mich App at 475-476 (quotation marks and citation omitted).

### B. CROSS-EXAMINATION OF DEFENDANT

Defendant first contends that the prosecution committed misconduct when it asked him during cross-examination whether sex with the other acts witness was consensual. However, the trial court ruled the other acts evidence—that defendant used force to sexually assault another woman—was admissible. Defendant persists that the nonconsensual nature of the prior act was not relevant. Yet, the nonconsensual nature was at the heart of the similarity to the instant case, and formed the basis for admission. Moreover, even if the evidence was improperly admitted, "[a] prosecutor's good-faith effort to admit evidence does not constitute misconduct." *People v*

*Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). Nothing in the prosecution's statements or conduct displayed bad faith in asking these questions. Defendant has not demonstrated that he was denied a fair trial.

## C. REFERRING TO DEFENDANT'S MOTIVE TO LIE

Next, defendant argues that the prosecution committed misconduct in closing argument when it referenced his motive to lie during closing argument. However, defendant testified at trial that he lied when he pleaded guilty to sexually assaulting the other acts witness. When asked if he lies under oath when it suits him, defendant replied, "When people are attacking my life, I will try to save my life." The prosecution asked, "Just that you'll lie to save your life, and you think that's the situation here, right?" Defendant replied, "That is the situation."

"A prosecutor may argue from the facts that a witness, including the defendant, is not worthy of belief, and is not required to state inferences and conclusions in the blandest possible terms." *People v Launsbury*, 217 Mich App 358, 361; 551 NW2d 460 (1996) (internal citation omitted). The prosecution's comments in closing argument that defendant had a motive to lie were based on facts in evidence, as defendant admitted that he has lied under oath and would do so to save his life. While the prosecution used strong language to convey its point, it is permitted to use language beyond bland adjectives when arguing. *Launsbury*, 217 Mich App at 361. No plain error occurred.[3]

## D. PROPENSITY ARGUMENTS

Defendant also contends that the prosecution improperly invoked a propensity inference when stating that "he can't help it, he did it again." However, defendant objected, and the trial court gave a curative instruction. The court informed the jury that it may not draw a conclusion that, merely because defendant may have been guilty of bad conduct in the past, he must be guilty of the bad conduct charged in the instant case. The trial court also instructed the jury that the lawyers' statements were not evidence. Defense counsel responded, "Thank you." Because "[j]urors are presumed to follow their instructions, and instructions are presumed to cure most errors[,]" *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003), defendant has failed to overcome the presumption that the trial court's curative instruction was sufficient to remove any prejudice.

Defendant also claims that the prosecution improperly offered a propensity argument when referencing the other acts evidence. However, the prosecution argued that the other acts evidence illustrated that defendant acted pursuant to a modus operandi. The prosecution emphasized similarities between the two sexual assaults, such as the fact that both assaults occurred where others were close by, with unconsenting women defendant barely knew, and that defendant claimed the acts were consensual. As stated *supra*, a prosecutor's comments based on

---

[3] Nor do we find that the prosecution improperly argued the victim had no motive to lie or that the other occupant of the apartment was less than truthful. The prosecutor properly used facts admitted at trial to argue the credibility of the two witnesses. *Launsbury*, 217 Mich App at 361.

evidence admitted at trial are not grounds for prosecutorial misconduct. *Launsburry*, 217 Mich App at 361. Defendant has not demonstrated error requiring reversal.[4]

## E. FEBRUARY 8, 2013 – DEFENDANT'S STATEMENT

Lastly, in his Standard 4 brief, defendant contends that the prosecution committed misconduct when it knowingly presented false evidence regarding his statement at the February 8, 2013 motion hearing. At trial, the prosecutor read a portion of the February 8, 2013 hearing to the jury regarding defendant's spontaneous statement: "The DNA is what got me burned – what got me in front of a probate court . . . yeah district court." According to defendant, the prosecution misquoted him, as he never said that "[t]he DNA is what got me burned."

There are two transcripts of the February 8, 2013 motion hearing in the lower court record, and there is a difference regarding defendant's statement. The transcript that was filed on February 15, 2013, indicates that defendant stated, "The DNA is what got me burned – what got me in front of a probate court. . . [y]eah, district court." The transcript that was filed on October 15, 2013, indicates that defendant stated, "The DNA is what got me in front of a proper – a probate court . . . [t]hat would be a district court."

Although we cannot state with certainty which transcript is most accurate, we find no merit to defendant's argument that the prosecutor presented false evidence. At the time of the trial in May 2013, the only transcript of the motion hearing was the one filed on February 15, 2013. Thus, the prosecution accurately quoted the transcript it had before it. Even if that transcript may have inaccuracies, the defendant cannot show that the prosecutor *knowingly* presented false evidence, or that the prosecution could somehow predict that a transcript filed subsequent to the trial would conflict. See *People v Herndon*, 246 Mich App 371, 417; 633 NW2d 376 (2001) ("Michigan courts have . . . recognized that the prosecutor may not knowingly use false testimony to obtain a conviction, and that a prosecutor has a duty to correct false evidence.") (quotations and citations omitted). Thus, defendant has not demonstrated prosecutorial misconduct.[5]

## V. SENTENCING

---

[4] Defendant also contends that his counsel was ineffective for failing to object to the prosecution's statements regarding this other acts evidence or defendant's motive to lie. Because the prosecution was arguing facts in evidence, its conduct was proper. "[T]rial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

[5] Nor do we agree with defendant that his counsel was ineffective in questioning him about this statement, or in failing to check the motion transcript. The prosecution read the statement as it appeared in the certified transcript, and there appears to be nothing that would alert defense counsel to any existing or future inconsistency.

## A. STANDARD OF REVIEW

Defendant also argues that the trial court erred in scoring Offense Variables (OVs) 8 and 10.

"Under the sentencing guidelines, the trial court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *People v Johnson*, 466 Mich 491, 497-498; 647 NW2d 480 (2002). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

## B. OV 8

A score of 15 points under OV 8 is justified when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense." MCL 777.38(1)(a). Asportation must involve some movement of the victim that "is not merely incidental" to the commission of the underlying offense. *People v Spanke*, 254 Mich App 642, 647; 658 NW2d 504 (2003); see also *People v Dillard*, 303 Mich App 372, 379; 845 NW2d 518 (2013). However, asportation does not require the use of force. *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009); *People v Cox*, 268 Mich App 440, 454; 709 NW2d 152 (2005).

Defendant contends that there was no evidence of any movement that was not merely incidental to the sexual assault. To support his argument, he cites *People v Thompson*, 488 Mich 888; 788 NW2d 677 (2010), a Supreme Court order of remand based on its finding that the victim's movement to the bedroom where the sexual assault occurred was merely incidental to the crime.

However, defendant's argument overlooks that in this case, it was not just a matter of moving the victim to the bedroom. Instead, defendant first guided the victim from the street to an apartment of his acquaintance, which was a place of greater isolation. Any danger the victim may have been in while in the street was amplified when defendant moved her to the apartment, as it increased his control over the environment and minimized the possibility of exposure. He then moved with her into the bedroom, which further secreted her from the only other resident in the apartment who may have come to her aid.

Thus, the victim "was asported to another place of greater danger." MCL 777.38(1)(a); see *Spanke*, 254 Mich App at 648 (upholding a score of 15 points under OV 8 when "[t]he victims were moved, even if voluntarily, to defendant's home where the criminal acts occurred. The victims were without doubt asported to another place or situation of greater danger, because the crimes could not have occurred as they did without the movement of defendant and the victims to a location where they were secreted from observation by others."); see also *Steele*, 283 Mich App at 491 (upholding a score of 15 points under OV 8 when defendant took the victim to more isolated locations, which were "places or situations of greater danger because they are

places where others were less likely to see defendant committing crimes."). We find no error in the trial court's scoring of OV 8.

## C. OV 10

Defendant next contends that the trial court erred in scoring five points under OV 10 because there was no evidence that he exploited the intoxicated victim.[6] A score of five points is warranted when the defendant "exploited a victim by his or her difference in size or strength, or both, or exploited a victim who was intoxicated, under the influence of drugs, asleep, or unconscious." MCL 777.40(1)(c). The "mere existence" of one of these factors "does not automatically equate with victim vulnerability." MCL 777.40(2). To "exploit" is defined as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b). The statute defines "vulnerability" as "the readily apparent susceptibility of a victim to injury, physical restraint, persuasion, or temptation." MCL 777.40(3)(c).

When the defendant met the victim on the street, she was intoxicated. Defendant was aware of her condition, which he described as "sloppy." He learned that the police were looking for her. Thus, he brought her to his acquaintance's apartment, which was a location he used to commit sexual acts. He then provided the victim with marijuana, and went to the store to buy her more alcohol. After the victim drank some of the alcohol, defendant proposed sexual activity, which included having the victim perform oral sex on him in front of the acquaintance.

Thus, this evidence supports the trial court's scoring of OV 10. Defendant—a stranger to the victim when he encountered her on the street—quickly took advantage of her inebriated condition to maneuver her to an apartment he used for sexual encounters. He then increased her vulnerability by providing her with even more alcohol and marijuana. The victim was in no condition to fend off defendant's aggression, which defendant used to his advantage to complete his criminal acts. The trial court was not in error.

## VI. *BRADY V MARYLAND*

## A. STANDARD OF REVIEW

In his Standard 4 brief, defendant contends that the prosecution withheld a preliminary examination transcript relating to defendant's sexual assault of the other acts witness. Defendant contends that this constituted a violation of his due process and equal protection rights. At sentencing, defendant requested a new trial based on the prosecution's failure to provide the transcript. "[T]he trial court advised defendant that the appropriate forum in which to address the issue was a motion for a new trial; however, defendant failed to preserve the issue by moving for a new trial in the lower court under. Consequently, our review is limited to plain error affecting substantial rights." *Cox*, 268 Mich App at 448.

---

[6] Although defendant did not specifically list OV 10 as an objection at sentencing, he argued against a finding of exploitation and contended that the victim was not "heavily inebriated."

## B. ANALYSIS

Defendant's argument—that the prosecution prevented him from obtaining valuable impeachment evidence—amounts to a challenge based on *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963). To establish a *Brady* violation, the following must be proven: " 'The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.' " *People v Chenault*, 495 Mich 142, 149-150; 845 NW2d 731 (2014), quoting *Strickler v Greene*, 527 US 263, 281-282; 119 S Ct 1936; 144 L Ed 2d 286 (1999).

Defendant contends that the prosecution withheld the other acts preliminary examination transcript, and that the transcript would have shown that the other acts witness perjured herself at trial. However, our review is limited to the lower court record, which does not include this supposed transcript. *People v Canter*, 197 Mich App 550, 557; 496 NW2d 336 (1992) ("Because this Court's review is limited to the lower court record, those documents will not be considered."). Therefore, we cannot determine the veracity of defendant's allegations. Moreover, even if the portions defendant cites to on appeal are an accurate reflection of the preliminary examination testimony, we fail to detect any inconsistency that constitutes impeachment evidence. Any slight variation in the witness's testimony between the preliminary examination and her trial testimony appears to be relatively minor. Defendant has not demonstrated that he was prejudiced. *Chenault*, 495 Mich at 149-150; *Cox*, 268 Mich App at 448.

## VII. DIRECTED VERDICT

### A. STANDARD OF OF REVIEW

Lastly, in his Standard 4 brief, defendant contends that the trial court erred in denying his motion for a directed verdict. "In ruling on a motion for a directed verdict, the trial court must consider in the light most favorable to the prosecutor the evidence presented by the prosecutor up to the time the motion is made and determine whether a rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001). As this Court has recognized, circumstantial evidence and reasonable inferences can establish the elements of a crime. *Id.* On appeal, "[t]his Court applies the same standards in reviewing the trial court's ruling on a motion for a directed verdict." *Id.*

### B. ANALYSIS

As discussed in the context of the other acts evidence, the victim testified that defendant hit her repeatedly and forcibly inserted his penis into her vagina after consensual sex. The victim had bruises on her face and vagina, consistent with her version of events. A sexual assault nurse testified that the victim's injuries were most consistent with forced intercourse.

On appeal, defendant merely contends that the victim was not credible and that her testimony was insufficient to demonstrate the elements of the crime. Yet, "[t]he complainant's testimony can, by itself, be sufficient to support a conviction of criminal sexual conduct."

*People v Brantley*, 296 Mich App 546, 551; 823 NW2d 290 (2012) (quotation marks and citation omitted); MCL 750.520h. Further, "it is not permissible for a trial court to determine the credibility of witnesses in deciding a motion for directed verdict of acquittal, no matter how inconsistent or vague that testimony might be." *Schultz*, 246 Mich App at 702.

Because a directed verdict motion is viewed in the light most favorable to the prosecution, we find no error in the trial court's denial of the motion for a directed verdict. *Schultz*, 246 Mich App at 702.

## VIII. CONCLUSION

We find no error requiring reversal in the bindover, the admission of other acts evidence, the exclusion of evidence pertaining to the victim's previous allegations of sexual assault, the prosecution's conduct, sentencing, the failure to produce the transcript of a previous preliminary examination, or in the denial of the directed verdict. We have reviewed all remaining arguments in defendant's briefs, and find them to be without merit. Defendant is not entitled to a new trial, an evidentiary hearing, or resentencing. We affirm.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ Kurtis T. Wilder