# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOSS FOREMAN,

Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 318436
Calhoun Circuit Court
LC No. 2012-001963-FH

Before: Owens, P.J., and Jansen and Murray, JJ.

Per Curiam.

Defendant Doss Foreman was convicted by a jury of first-degree retail fraud, MCL 750.356c. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 24 to 60 months' imprisonment. He appeals as of right, and we now affirm.

Defendant first argues that the prosecutor committed several errors that denied him a fair and impartial trial. We generally review such challenges de novo, *People v Akins*, 259 Mich App 545, 562; 675 NW2d 863 (2003), but because defendant failed to properly preserve his arguments by objecting to the alleged misconduct below, our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).[1]

With respect to defendant's argument that the prosecutor erred by asking defendant on cross-examination to comment on the credibility of prosecution witnesses, it is well-settled that a prosecutor may not ask a defendant to comment on the credibility of a prosecution witness because the "[d]efendant's opinion of the [witness's] credibility is not probative of the matter." *People v Buckey*, 424 Mich 1, 17; 378 NW2d 432 (1985). However, the prosecutor's error did not prejudice defendant. *Carines*, 460 Mich at 763. The prosecutor's questions regarding witness credibility were brief, and defendant handled the questions well. See *Buckey*, 424 Mich

---

[1] With respect to the first alleged instance of prosecutorial error, defense counsel objected to the prosecutor's questions as being "argumentative," but failed to argue the questions were improper because they required defendant to make a credibility determination. Therefore, this issue was not preserved. *People v Leshaj*, 249 Mich App 417, 419; 641 NW2d 872 (2002).

at 17 ("However, the substance of the exchange indicates that defendant dealt rather well with the questions. We fail to discern how he was harmed by the questions."). Moreover, the trial court instructed the jury that the lawyers' questions were not evidence and that the jury was to make its own decisions regarding the credibility of the witnesses. We presume that the jurors followed their instructions. *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

Just as importantly, the evidence of guilt was overwhelming where defendant was observed on a video monitor, was detained outside of the store with a cart of unpaid merchandise, and had no means to pay for the merchandise on his own. While defendant claimed at trial that he was with a woman who was supposed to pay for the merchandise, he was alone when detained outside the store, and he never made statements about the woman at that time. On the record before this Court, defendant's substantial rights were not affected by the prosecutor's error, so he is not entitled to relief on this issue. *Carines*, 460 Mich at 763.

Defendant next argues that the prosecutor erred by arguing during his closing argument that defendant was a liar and by mischaracterizing the evidence presented. A prosecutor is permitted to argue that the defendant is not worthy of belief. *People v Launsburry*, 217 Mich App 358, 361; 551 NW2d 460 (1996). And, although a prosecutor may not mischaracterize the evidence presented, *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001), prosecutors are afforded "wide latitude" in arguing the facts of the case and reasonable inferences therefrom, *People v Dobek*, 274 Mich App 58, 66; 732 NW2d 546 (2007).

In closing, the prosecutor argued that defendant was "purposely lying" or "concocting a story" that a woman who was with him in the store was going to pay for the merchandise. But the evidence supported this theory, as it showed that defendant was alone when apprehended outside the store with a shopping cart full of merchandise for which he had not paid. And a shopping list was recovered from defendant's possession bearing a woman's name and a telephone number, but after defendant's testimony there was no evidence that a woman was waiting to pay for the merchandise. Accordingly, the prosecutor permissibly argued that the jury could reasonably infer that defendant was lying. See *Launsburry*, 217 Mich App at 361.

Next, defendant claims error in the admission of other-acts evidence portraying defendant as a "thief" and a "liar." We generally review a trial court's decision to admit or exclude evidence for a clear abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). However, when unpreserved, our review is limited to plain error affecting defendant's substantial rights. *Carines*, 460 Mich at 673.

Here, defendant argues that MRE 404(b) was implicated by evidence that defendant was found with a bridge card, an identification card, and a veterans' affairs card belonging to other individuals. However, MRE 404(b) is only implicated when evidence is presented involving "other crimes, wrongs, or acts." MRE 404(b)(1). The purpose of MRE 404(b) is to preclude evidence of prior bad acts being offered for the sole purpose of demonstrating the defendant's criminal propensity to establish that he acted in conformity therewith. *People v VanderVliet*, 444 Mich 52, 65; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). The challenged evidence does not establish a prior crime, wrong, or act; rather, it established only that defendant possessed items belonging to another, and that defendant had no means of payment for what was found in his possession. It did not establish that defendant wrongly obtained the cards. Further,

this evidence enabled the prosecutor to "give the jury an intelligible presentation of the full context in which the disputed events took place." *People v Sholl*, 453 Mich 730, 741; 556 NW2d 851 (1996). MRE 404(b) was not implicated, and there was no plain error requiring reversal. *Carines*, 460 Mich at 763.

Finally, defendant argues that defense counsel was ineffective for failing to object to the alleged prosecutorial errors and the evidence challenged under MRE 404(b). Because no *Ginther*[2] hearing was held, our review is limited to mistakes apparent on the lower court record. *People v Fike*, 228 Mich App 178, 181; 577 NW2d 903 (1998).

To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). Counsel's performance should be evaluated from his or her perspective at the time of the alleged error, *People v Grant*, 470 Mich 477, 487; 684 NW2d 686 (2004), and a defendant must overcome a strong presumption that counsel's performance was sound trial strategy, *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Although we discern no sound trial strategy in failing to properly object, see *id.*, defendant fails to show a reasonable probability that the outcome of his trial would have been different but for counsel's error, *Swain*, 288 Mich App at 643. The questions were brief in comparison to the overwhelming evidence supporting defendant's guilt of the charged crime. In light of this evidence, there is not a reasonable probability that the outcome of defendant's trial would have been different but for counsel's failure to properly object to the prosecutor's questioning of defendant. *Id.*

Defendant's argument that counsel was ineffective for failing to object to the prosecutor's closing argument is also without merit. Because there was no error in the prosecutor's closing argument, defense counsel was not ineffective for failing to make a futile objection. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). Nor was defense counsel ineffective for failing to object to the evidence that defendant possessed cards belonging to other individuals at the time he was apprehended outside Wal-Mart. The challenged evidence did not constitute evidence of other crimes, wrongs, or acts; therefore, any objection under MRE 404(b) would have been futile. See *id.*

Affirmed.

/s/ Donald S. Owens
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-3-