# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

PETER JOHN MILLER,

Defendant-Appellant.

UNPUBLISHED
July 21, 2015

No.  321283
Oakland Circuit Court
LC No.  2013-247999-FC

Before:  SAWYER, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted of six counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a) (victim under 13, defendant 17 or older).  He was sentenced as a fourth habitual offender, MCL 769.12, to six concurrent terms of 50 to 100 years in prison.  Defendant appeals as of right, and we affirm.

The victims, TB and KB, testified to prolonged sexual abuse committed by defendant. The abuse started several years after defendant had married the victims' mother.  Defendant testified at trial and denied that the abuse ever occurred.

Defendant argues that he was denied the right to effective assistance of trial counsel because his counsel failed to object to certain comments made by the prosecutor during closing argument.  Specifically, he finds fault in the following commentary:

> Ladies and gentlemen, . . . I have to tell you that two different stories does not equal reasonable doubt.  You heard two very different sets of testimony.  You heard from [TB and KB], and you heard today from the Defendant.  So I don't want you to go back in that jury room and say to yourselves, you know, we think something happened, but it wasn't beyond a reasonable doubt.  Do not do that because this is a case where you just have to decide who you believe.  'Cuz if you believe [TB and KB], the Defendant is guilty of all six of these crimes, and if you believe him, he's not. . . .  Some of the questions that you ask yourself when you're trying to figure out whether you believe a person is do they have any special reason to tell the truth or do they have any special reason to lie. Defendant sure as heck as [sic] a special reason to lie 'cuz he's facin' some serious charges. . . .  No reason presented to you, even by his own testimony that you heard today, that [TB and KB], would make this up.  None.  No explanation.

-1-

* * *

> [TB and KB] told you, in excruciating detail, what happened to them. They were believable, and they had absolutely no reason to lie. Defendant has every reason in the world to lie.

Defendant neither brought a motion in the trial court for a new trial predicated on his claim of ineffective assistance nor requested a *Ginther*[1] hearing. Therefore, this claim of error is unpreserved, *People v Payne*, 285 Mich App181, 188; 774 NW2d 714 (2009). "Whether defendant was denied the effective assistance of counsel presents a mixed question of fact and constitutional law." *People v Vaughn*, 491 Mich 642, 650; 821 NW2d 288 (2012). Questions of constitutional law are reviewed de novo. *Id.* Given the lack of preservation, our review is limited to mistakes apparent on the record. *People v Hurst*, 205 Mich App 634, 641; 517 NW2d 858 (1994).

In order for a defendant to have an otherwise valid conviction overturned based on a claim of ineffective assistance of counsel, the defendant "must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant as to deprive him of a fair trial." *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). "The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to determine whether in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." *Vaughn*, 491 Mich at 670.

Our resolution of the issue necessarily involves an inquiry into whether the prosecutor committed error during the closing arguments. The test for prosecutorial misconduct is whether the conduct deprived defendant of a fair trial. *People v Watson*, 245 Mich App 572, 586; 629 NW2d 411 (2001). In all instances, a prosecutor's remarks must be examined in context. *People v Abraham*, 256 Mich App 265, 272-273; 662 NW2d 836 (2003). In closing arguments, the prosecutor may not imply "that defendant must prove something or present a reasonable explanation for damaging evidence because such an argument tends to shift the burden of proof." *People v Green*, 131 Mich App 232, 237; 345 NW2d 676 (1983). Further, although "a prosecutor may not vouch for the credibility of his witnesses by implying that he has some special knowledge of their truthfulness," "a prosecutor may comment on his own witnesses' credibility during closing argument, especially when there is conflicting evidence and the question of the defendant's guilt depends on which witnesses the jury believes." *People v Thomas*, 260 Mich App 450, 455; 678 NW2d 631 (2004). Similarly, the "prosecutor may argue from the facts that a witness, including the defendant, is not worthy of belief." *People v Launsburry*, 217 Mich App 358, 361; 551 NW2d 460 (1996).

In the instant case, the prosecutor's statements that defendant takes issue with involved comparing any motive defendant might have had to lie with any motive that TB and KB might have had to lie. The prosecutor asserted that defendant had a motive to lie because he was facing

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-2-

"serious charges," whereas the evidence indicated that TB and KB had no apparent motive to lie. Given the nature of the charges, it is clear that resolution of the case would come down to which story and which witnesses the jurors chose to believe. Commenting on the motives of the witnesses to testify as they did is a legitimate way to argue the issue of credibility, see *id.*; *People v Flanagan*, 129 Mich App 786, 796; 342 NW2d 609 (1983), and it did not act to alter the prosecution's burden of proof. Therefore, the prosecutor's arguments regarding the witnesses' respective motives, based on the evidence, were proper. Indeed, the court instructed the jurors, consistent with M Crim JI 3.6(3)(e), that when deciding which witnesses to believe they could consider whether any particular witness has any "personal interest in how this cases is decided." Further, the court explained, consistent with M Crim JI 3.6(3)(g), that the jurors could also think about whether the witness had "any special reason to tell the truth or any special reason to lie." This is precisely the argument the prosecutor was making, and defendant has not established any error. Consequently, because the prosecutor's statements were not improper, defendant's claim of ineffective assistance of counsel necessarily fails. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) (stating that failing to make a meritless argument or futile objection does not constitute ineffective assistance of counsel).

      Affirmed.[2]


/s/ David H. Sawyer
/s/ Pat M. Donofrio
/s/ Stephen L. Borrello

---

[2] We note that defendant initially raised a second issue in his brief on appeal related to the imposition of court costs, but he later withdrew that issue for our consideration.