*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DAVID ALAN STEVENS,

Defendant-Appellant.

UNPUBLISHED
December 26, 2019

No. 344795
Lenawee Circuit Court
LC No. 17-018596-FC

Before: JANSEN, P.J., and BOONSTRA and LETICA, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b, and two counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d. The trial court sentenced defendant as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 262 to 900 months for the CSC-I conviction and 175 to 270 months for each CSC-III conviction. We vacate defendant's CSC-III convictions and sentences. We affirm defendant's CSC-I conviction, but vacate his CSC-I sentence and remand for resentencing.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

In 2017, defendant's former stepchildren, MW and SW, disclosed numerous incidents of sexual abuse by defendant. SW testified about several such incidents, including having performed fellatio on defendant in November or December 2012, when she was 13 years old. The 2012 incident formed the basis of the CSC-I charge against defendant. The CSC-III charges arose from another incident that occurred in January or February 2017. With respect to that incident, both MW and SW testified to sexual activities with defendant, which included defendant twice performing fellatio on MW. Neither MW nor SW reported what had happened with defendant until MW disclosed it to his aunt in April 2017.

-1-

At trial, MW and SW also testified to other acts of sexual abuse by defendant that occurred when they were younger. This testimony included that MW had earlier "tried" performing oral sex on defendant, although he provided no further details. After the close of proofs, the trial court instructed the jury and released it to deliberate; however, the trial court realized shortly after it had released the jury that it had not instructed the jury on the elements of the charged offenses, and it therefore recalled the jury for further instructions. The final instructions given to the jury regarding the elements of the CSC-III charges against defendant were as follows:

> Count 2. The Defendant is charged with the crime of third[-]degree criminal sexual conduct. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> First, that the Defendant engaged in a sexual act that involved entry into [MW's] mouth by the Defendant's penis. Any entry, no matter how slight, is enough. It does not matter whether the sexual act was completed or whether semen was ejaculated.

> Count 3. The Defendant is charged with the crime of third[-]degree criminal sexual conduct. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> First, that the Defendant engaged in a sexual act that involved entry into [MW's] mouth by the Defendant's penis. Any entry, no matter how slight, is enough. It does not matter whether the sexual act was completed or whether semen was ejaculated.

Defendant did not request, and the trial court did not give, a limiting instruction regarding other-acts evidence.

The jury convicted defendant as described. This appeal followed. After filing his claim of appeal, defendant moved this Court to remand for a *Ginther*[1] hearing regarding his trial counsel's effectiveness, which this Court denied "without prejudice to a case call panel of this Court determining that remand is necessary" on full review.[2]

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that there was insufficient evidence from which the jury could have found him guilty beyond a reasonable doubt of two counts of CSC-III. We disagree.

"This Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction." *People v Miller*, 326 Mich App 719, 735; 929 NW2d 821

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[2] See *People v Stevens*, unpublished order of the Court of Appeals, entered July 24, 2019 (Docket No. 344795).

(2019). In doing so, we must consider the evidence presented at trial in the light most favorable to the prosecution "to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "All conflicts in the evidence must be resolved in favor of the prosecution," and this Court does not "interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Circumstantial evidence, together with reasonable inferences arising therefrom, can be sufficient to support a conviction. *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011).

Under MCL 750.520d, CSC-III occurs when the defendant engages in sexual penetration under any of the circumstances set forth in subsection (1), including when "[f]orce or coercion is used to accomplish the sexual penetration." MCL 750.520d(1)(b). Thus, to convict a defendant of CSC-III under MCL 750.520d(1)(b), the prosecution must prove two elements: (1) that the defendant "engaged in sexual penetration with the victim"; and (2) that the defendant used force or coercion to accomplish the sexual penetration. *People v Eisen*, 296 Mich App 326, 333; 820 NW2d 229 (2012).

Defendant argues that there was no evidence that his penis penetrated MW's mouth in Lenawee County in 2016 or 2017. Thus, defendant's challenge to the sufficiency of the evidence focuses on the first element of CSC-III (sexual penetration), the location of the crime, and the time of the offense. Turning to the first aspect of defendant's argument, defendant focuses not on the statutory elements of the offense, but rather on the court's instructions to the jury—in which the court mistakenly advised the jury that it must find that defendant's penis entered MW's mouth (rather than, as was alleged, that MW's penis entered defendant's mouth). We address the issue of the erroneous jury instruction in Part III(B) of this opinion. Although defendant is correct that the prosecution presented no evidence that the MW's mouth was penetrated by the defendant's penis, CSC-III can occur if there is any type of sexual penetration under specified circumstances. MCL 750.520d; *Eisen*, 296 Mich App at 332-333.

MCL 750.520a(r) defines sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Fellatio requires "entry of a penis into another person's mouth." *People v Reid*, 233 Mich App 457, 480; 592 NW2d 767 (1999). In this case, both MW and SW testified that MW's penis entered defendant's mouth twice during the incident that took place in early 2017. Therefore, there was sufficient evidence from which the jury could have found that defendant engaged in sexual penetration with MW.

With respect to the location of the crime, "Michigan courts have long held that even though venue is not an essential element of a criminal offense, the determination of venue is a question of fact for the jury, and the existence of venue must be proved by the prosecutor beyond a reasonable doubt." *People v Gayheart*, 285 Mich App 202, 216; 776 NW2d 330 (2009) (quotation marks and citations omitted). On the first day of trial, defense counsel stipulated that, if the charged offenses occurred, they occurred in Lenawee County. Defense counsel's stipulation effectively waived defendant's venue argument because counsel intentionally relinquished a known right. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000). Even if this issue had not been waived, defendant's argument lacks merit because MW testified

he had previously lived with his mother, defendant, and SW in Onsted, Michigan, which is located in Lenawee County. MW testified that the sexual assaults underlying the CSC-III charges took place in the living room of their home. SW similarly described the incident as having taken place in the family home. On the basis of this evidence, the jury could have determined beyond a reasonable doubt that both CSC-III offenses occurred in Lenawee County.

Further, defendant's contention that there was insufficient evidence that the CSC-III offenses took place in 2016 or 2017 also lacks merit. Where time is not an element of the offense, it need not be proved beyond a reasonable doubt. *Miller*, 326 Mich App at 727. Because time is not an element of CSC-III under MCL 750.520d(1)(b), see *Eisen*, 296 Mich App at 332-333, defendant's challenge regarding the sufficiency of that evidence is misplaced. Second, even if time were an essential element in this case, SW explicitly testified that the incident in the living room occurred around the end of January or beginning of February 2017. Therefore, the jury could have found beyond a reasonable doubt that defendant committed two acts of CSC-III in 2017.

The evidence was sufficient to support defendant's CSC-III convictions, notwithstanding that we conclude those convictions must be vacated on other grounds. *Robinson*, 475 Mich at 5.

III. INSTRUCTIONAL ERROR/INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that the trial court provided erroneous instructions to the jury regarding the elements of CSC-III. We conclude that defense counsel waived this issue by affirmatively approving the jury instructions. Defendant further argues that he received the ineffective assistance of counsel in two ways. First, he contends that counsel was ineffective for failing to object to erroneous jury instructions that omitted an essential element of CSC-III. Second, he contends that counsel was ineffective for failing to make a timely objection concerning evidence of other acts of sexual misconduct described by the victims and by failing to request a limiting instruction regarding that evidence.

A. STANDARD OF REVIEW

We generally review de novo claims of instructional error. *People v McMullan*, 284 Mich App 149, 152; 771 NW2d 810 (2009). However, "to preserve an instructional error for review, a defendant must object to the instruction before the jury deliberates." *People v Gonzalez*, 256 Mich App 212, 225; 663 NW2d 499 (2003). Defense counsel did not make such an objection in this case, and in fact affirmatively approved the instructions. In such circumstances, we may decline to consider challenges to jury instructions as waived. See *Carter*, 462 Mich at 214-215.

A claim of ineffective assistance of counsel is "a mixed question of fact and constitutional law," in which this Court reviews for clear error the trial court's factual findings and reviews de novo questions of constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Because defendant did not raise an ineffective-assistance claim in the trial court and this Court denied defendant's motion to remand, our review of this issue is limited to errors apparent from the record. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness, and that the representation so prejudiced the defendant that he was denied the right to a fair trial. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). The defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018), lv den 503 Mich 918 (2018)). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

## B. JURY INSTRUCTIONS

Defendant argues that the trial court erred by failing to instruct the jury on the proper elements of CSC-III. Any such error was waived when defense counsel expressed satisfaction with the final instructions as read to the jury. *Carter*, 462 Mich at 215. Therefore, we need not address the merits of defendant's substantive claim regarding the jury instructions. *Miller*, 326 Mich App at 726. "To hold otherwise would allow counsel to harbor error at trial and then use that error as an appellate parachute . . . ." *People v Kowalski*, 489 Mich 488, 505; 803 NW2d 200 (2011) (quotation marks and citation omitted). We therefore address the jury instruction issue through defendant's ineffective assistance of counsel claim. Defendant argues that his trial counsel was ineffective for failing to object to (and indeed affirmatively approving) the jury instructions regarding the elements of CSC-III. We agree.

A criminal defendant is entitled to have his guilt, or lack thereof, determined by a properly instructed jury. *Id.* at 501. The elements of the crime must be submitted to the jury in a way that is "neither erroneous nor misleading . . . .' " *Id.* "[A] jury instruction that improperly omits an element of a crime amounts to a constitutional error" because the omission precludes the jury from making a finding on the omitted element. *Id*. at 503.

Defendant argues that his defense counsel should have objected to the CSC-III instructions because they failed to instruct the jury regarding the essential element of force or coercion. We agree. Defendant was charged with CSC-III under MCL 750.520d(1)(b),[3] under which the defendant's use of force or coercion to accomplish sexual penetration is an essential element. *Eisen*, 296 Mich App at 333. By directing the jury to consider only whether "a sexual act that involved entry into [MW]'s mouth by defendant's penis" occurred, the trial court clearly failed to submit all of the necessary elements of the crime to the jury for determination. Instead, by omitting the force-or-coercion element, the trial court instructed the jury that it could find defendant guilty of CSC-III based solely on sexual penetration, which is not unlawful absent the existence of circumstances described in MCL 750.520d(1). Therefore, the instructions were clearly defective.

Furthermore, it is readily apparent that the instructions were also factually inconsistent with the evidence presented at trial. The trial court directed the jury that it must find that

---

[3] Because MW was 16 years of age at the time of the incident, MCL 750.520d(1)(a) (sexual penetration with a person "at least 13 years of age and under 16 years of age") did not apply.

defendant "engaged in a sexual act that involved entry into *[MW]'s mouth* by the *Defendant's penis*." (Emphasis added.) There was no evidence that any such act occurred. Instead, the evidence suggested that MW's penis entered defendant's mouth. Thus, it appears that the trial court mistakenly reversed the nature of the conduct in question. Because this Court presumes that the jury followed its instructions, *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011), we must construe the jury's verdict as finding that defendant engaged in sexual penetration of the type described by the trial court in the jury instructions—a finding that is wholly unsupported by the record.

Although an attorney's decision to refrain from objecting to error is often considered a matter of trial strategy, see, e.g., *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004), here we cannot conclude that defendant's trial counsel's lack of objection to the CSC-III instructions could have constituted reasonable trial strategy. The defective instructions effectively allowed the jury to convict defendant solely on the basis of sexual penetrations that would not be unlawful absent the use of force or coercion. Even if defense counsel hoped that the factual inaccuracy of the jury instructions regarding who had orally penetrated whom would result in a verdict of acquittal, we cannot find that to be a reasonable basis for an attorney to permit the jury to deliberate under instructions that omitted an essential element of the offense of CSC-III. *Heft*, 299 Mich App at 80-81. This is especially true because there had been at least brief testimony from MW that he had "tried" performing oral sex on defendant when they were living in Lansing.

Moreover, we conclude that defense counsel's deficient performance prejudiced defendant because it is by no means certain that the jury would have determined on this record that the prosecution had established force or coercion beyond a reasonable doubt. *Id*. Considering the totality of the circumstances, it is possible, but far from certain, that the jury could have found force or coercion. But given the dearth of evidence on this point, we must conclude that there is a reasonable probability that a properly instructed jury would not have found beyond a reasonable doubt that the prosecution had established that defendant used force or coercion. And again, there was at least brief testimony from which the jury may have believed that it could conclude that defendant's penis had penetrated MW's mouth, albeit in a different location and at a different time. Because it is reasonably probable that the jury would have reached a different result but for counsel's failure to object to the erroneous instructions, defendant has established that he was prejudiced by counsel's defective performance. See *Carbin*, 463 Mich at 600 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome."). We therefore agree that defendant was denied the effective assistance of counsel in this regard.

## C. OTHER-ACTS EVIDENCE

Defendant also argues that he was denied the effective assistance of counsel when his attorney failed to object to evidence of other sexual acts between defendant and the victims until after substantial testimony concerning the other acts had been presented. In a related argument, defendant also takes issue with defense counsel's failure to request a limiting instruction concerning the other acts. We agree that defense counsel was ineffective for failing to request a limiting instruction.

Under MCL 768.27a, " 'in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant,' " including the defendant's propensity to commit criminal sexual conduct against minors. *People v Brown*, 294 Mich App 377, 386; 811 NW2d 531 (2011), quoting MCL 768.27a(1). A "listed offense" refers to Tier I, II, or III offenses as set forth in § 2 of the sex offenders registration act (SORA), MCL 28.721 *et seq*. See MCL 768.27a (2)(a) (incorporating SORA offenses); MCL 28.722(j) (defining "listed offense"). In this case, defendant was accused of committing CSC-III against MW when MW was 16 years old and, thus, a minor. MCL 768.27a(2)(b) (" 'Minor' means an individual less than 18 years of age."). Because CSC-III is a Tier III offense under SORA, MCL 28.722(v)(*iv*), MCL 768.27a permitted the introduction of evidence that defendant had committed other listed offenses against a minor.

The parties do not dispute that the other acts described by MW and SW would be considered listed offenses subject to admission under MCL 768.27a. Instead, the crux of defendant's argument is that defense counsel should have objected earlier than he did, because the prosecution failed to provide notice of its intent to introduce the evidence. We note that MCL 768.27a(1) requires the prosecution to "disclose the evidence to the defendant at least 15 days before the schedule date of trial or at a later time as allowed by the court for good cause shown." It does not require a written notice filed with the trial court. Defendant's counsel objected to evidence concerning "anything in Lansing" on the grounds that he had not been provided with written notice under MRE 404(b), but did not challenge the prosecution's argument that defense counsel was given notice of the prosecution's intent to introduce such evidence during the discovery process. And the trial court permitted the prosecution to proceed with eliciting testimony from SW concerning defendant's other acts after defense counsel's objection. We conclude that defendant has not demonstrated that the trial court would have denied the admission of the challenged other acts evidence if defense counsel had objected earlier; defendant therefore cannot show prejudice based on the admission of the evidence itself. *Heft*, 299 Mich App at 80-81.

However, as argued by defendant, we can discern no strategic value in defense counsel's failure to request a limiting instruction. When evidence of other listed offenses against a minor is admitted under MCL 768.27a, the trial court can issue the following instruction upon request:

> (1) The prosecution has introduced evidence of claimed acts of sexual misconduct by the defendant with [a minor/minors] for which [he/she] is not on trial.

> (2) Before you may consider such alleged acts as evidence against the defendant, you must first find that the defendant actually committed those acts.

> (3) If you find that the defendant did commit those acts, you may consider them in deciding if the defendant committed the [offense/offenses] for which [he/she] is now on trial.

> (4) You must not convict the defendant here solely because you think [he/she] is guilty of other bad conduct. The evidence must convince you beyond

a reasonable doubt that the defendant committed the alleged crime, or you must find [him/her] not guilty. [M Crim JI 20.28a.]

Even if defense counsel strategically permitted the evidence of other acts to be admitted to bolster his attack on MW and SW's credibility, evidence of acts other than those for which the defendant is on trial is inherently prejudicial; limiting instructions are designed to alleviate the danger of unfair prejudice. See *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014). Given the obvious potential for unfair prejudice arising from this evidence, sound strategy required defense counsel to request a limiting instruction to ensure that the jury understood that the other acts had not been definitively established and that it could not convict defendant solely on the basis of the other acts. Accordingly, we agree that defense counsel's failure to request a limiting instruction fell below an objective standard of reasonableness. See *Heft*, 299 Mich App at 80-81.

We conclude that, on the whole, the reliability of the jury's verdict was sufficiently undermined to entitle defendant to a new trial on the CSC-III charges. See *Carbin*, 463 Mich at 600. We accordingly vacate defendant's CSC-III convictions and sentences.

However, with regard to defendant's CSC-I conviction, we conclude that defendant cannot show prejudice. Defendant's sole argument concerning his CSC-I conviction is that the lack of a limiting instruction rendered it possible that the jury did not actually determine whether the elements of CSC-I were proven beyond a reasonable doubt. But again, juries are presumed to follow their instructions. *Mahone*, 294 Mich App at 212. SW's testimony concerning the 2012 incident was clear and supported defendant's CSC-I conviction, and defendant takes no issue with how the jury was instructed regarding the elements of that offense. We conclude that the lack of a limiting instruction, standing alone, does not provide a basis for us to disturb defendant's CSC-I conviction. See *People v Launsburry*, 217 Mich App 358, 463; 551 NW2d 460 (1996) (noting that the defendant could not show prejudice as a result of his counsel's error in light of the "overwhelming" evidence of defendant's guilt).

IV. SENTENCING ERRORS

Defendant argues that the trial court erred in its assessment of points for Prior Record Variable (PRV) 7 and Offense Variables (OVs) 8, 9, and 10 at sentencing, and that these errors resulted in defendant being sentenced under an incorrect recommended minimum sentence range.[4] We agree that the score for PRV 7 is erroneous now that we have vacated defendant's CSC-III convictions, and the prosecution concedes that OV 9 was improperly scored. We disagree that OV 8 and OV 10 were improperly scored, but because the correction of PRV 7 and OV 9 would alter defendant's recommended minimum sentence range under the sentencing guidelines, we remand for resentencing on defendant's CSC-I conviction.

---

[4] Defendant's CSC-I conviction for his sexual penetration of SW was the sentencing offense.

## A. STANDARD OF REVIEW

We review for clear error the trial court's factual findings in support of its scoring of the sentencing guidelines. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015) (quotation marks and citation omitted). The trial court's factual findings must be supported by a preponderance of the evidence. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hershey*, 303 Mich App 330, 336; 844 NW2d 127 (2013) (quotation marks and citation omitted).

## B. PRV 7

Twenty points should be assessed for PRV 7 when the offender "has 2 or more subsequent or concurrent convictions[.]" MCL 777.57(1)(a). The trial court correctly scored PRV 7 at the time of sentencing on the basis of defendant's concurrent CSC-III convictions. However, because this Court must vacate those convictions for the reasons explained earlier in this opinion, we agree that the 20-point assessment under PRV 7 is no longer valid. MCL 777.57(1)(c). See *People v Jackson*, 487 Mich 783, 792; 790 NW2d 340 (2010).

## C. OV 4

Defendant argues that the trial court erred by assessing 10 points for OV 4, which is only appropriate when "[s]erious psychological injury requiring professional treatment occurred to a victim[.]" MCL 777.34(1)(a). We disagree. In scoring this variable, "the fact that treatment has not been sought is not conclusive." MCL 777.34(2). However, a trial court cannot assess points based solely on speculation that psychological injury would typically occur under the circumstances, and "evidence of fear while a crime is being committed, *by itself*, is insufficient to assess points for OV 4." *People v White*, 501 Mich 160, 162; 905 NW2d 228 (2017).

SW was subjected to sexual abuse at the hands of someone she viewed as her father. SW testified that the assaults were a sad part of her life, and she did not want to tell anyone because she was embarrassed to admit what she had gone through. She also expressed disgust at having had to engage in sexual activities with her brother. SW spoke at sentencing, explaining the severe impact the situation had on her family and how she had "lost everything." SW indicated that she no longer had close contact with her brother or mother, and was left to "pick up the pieces" alone. Given this testimony, we conclude that the trial court did not err by assessing 10 points for OV 4 on the basis of a serious psychological injury suffered by SW. See *People v Waclawski*, 286 Mich App 634, 681; 780 NW2d 321 (2009) (upholding the trial court's assessment of 10 points for OV 4 and noting that that the victim had testified that the defendant "had been a friend and a father figure to him and that defendant exploited that relationship to sexually abuse him and that he was 'pretty angry' about what happened to him").

## D. OV 8

Defendant also argues that the trial court erred by assessing 15 points for OV 8. We disagree. Fifteen points should be assessed when "[a] victim was asported to another place of

greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense[.]" MCL 777.38(1)(a).

To satisfy the requirements of MCL 777.38(1)(a), the victim need only be carried away or removed to a place or situation of greater danger. *People v Barrera*, 500 Mich 14, 21; 892 NW2d 789 (2017). Furthermore, a victim may be asported even when his or her movement is voluntary. *People v Spanke*, 254 Mich App 642, 647-648; 658 NW2d 504 (2003), overruled on other grounds by *Barrera*, 500 Mich 14. SW testified that she went upstairs with defendant and that, after MW went downstairs, she went with defendant into her mother's room, where she performed fellatio on him. By moving into the bedroom after ensuring that MW was elsewhere, it was less likely that defendant's actions would be discovered and, therefore, the bedroom was a place or situation of greater danger. "[B]ecause such movement, whether incidental to the offense or meaningfully deliberate, may suffice to assess points for OV 8" we conclude that OV 8 was properly scored at 15 points. *Barrera*, 500 Mich at 22 (affirming assessment of 15 points where the defendant took the victim from living room to bedroom before sexual assault).

## E. OV 9

Defendant argues that the trial court erred by assessing 10 points for OV 9. The prosecution concedes that OV 9 was erroneously scored, and we agree. MCL 777.39(1)(c) directs the trial court to assess 10 points if "[t]here were 2 to 9 victims who were placed in danger of physical injury or death." "[W]hen scoring OV 9, only people placed in danger of injury or loss of life when the sentencing offense was committed (or, at the most, during the same criminal transaction) should be considered." *People v Sargent*, 481 Mich 346, 350; 750 NW2d 161 (2008). Defendant was convicted of CSC-I based on SW's testimony that she performed fellatio on defendant shortly after her thirteenth birthday. SW indicated that she and defendant were alone in her mother's room at the time, suggesting that no one else was placed in danger when defendant committed the sentencing offense. Accordingly, the trial court should have assessed zero points for OV 9. MCL 777.39(1)(d).

## F. OV 10

Defendant also argues that the trial court erred by assessing 15 points under OV 10, for predatory conduct. MCL 777.40(1)(a). We disagree. " 'Predatory conduct' under the statute is behavior that precedes the offense, directed at a person for the primary purpose of causing that person to suffer from an injurious action or to be deceived." *People v Cannon*, 481 Mich 152, 161; 749 NW2d 257 (2008). See also MCL 777.40(3)(a) (defining predatory conduct).

In *Cannon*, our Supreme Court articulated three questions that, when answered affirmatively, warrant assessing 15 points on the basis of predatory conduct:

(1) Did the offender engage in conduct before the commission of the offense?

(2) Was this conduct directed at one or more specific victims who suffered from a readily apparent susceptibility to injury, physical restraint, persuasion, or temptation?

-10-

(3) Was victimization the offender's primary purpose for engaging in the preoffense conduct? [*Id*. at 161-162.]

Defendant engaged in preoffense conduct by engaging in other sexual acts with SW in the years preceding the incident that resulted in his CSC-I conviction and by insisting that SW keep it a secret. SW also testified that defendant was very cautious about where and when sexual activities occurred, always ensuring that they were alone. This conduct was directed specifically at SW, whose young age made her readily susceptible to defendant's persuasion. See *People v Johnson*, 298 Mich App 128, 133; 826 NW2d 170 (2012) (recognizing that young victims are more susceptible to temptation by an adult). By establishing a history of secrecy about their sexual activities and manipulating circumstances to ensure that SW was alone with defendant, it became more probable that defendant could continue to sexually assault SW and commit the sentencing offense without detection. Because these circumstances satisfy the inquiries in *Cannon*, the trial court did not err by assessing 15 points for OV 10. See *People v Lampe*, 327 Mich App 104, 115-116; 933 NW2d 314 (2019) (finding predatory conduct when the defendant sexually assaulted a 13-year-old victim after befriending him and waiting until he was asleep).

## G. EFFECT OF SCORING ERRORS

As scored by the trial court at sentencing, defendant had 30 PRV points and 75 OV points, which, coupled with his status as a second-offense habitual offender, resulted in a recommended minimum-sentence range of 126 to 262 years' imprisonment. MCL 777.21(3)(a); MCL 777.62. If the scores for PRV 7 and OV 9 were reduced to zero, defendant's recommended minimum-sentence range would be reduced to 108 to 225 years' imprisonment. MCL 777.21(3)(a); MCL 777.62. Therefore, defendant is entitled to resentencing on his CSC-I conviction. *People v Francisco*, 474 Mich 82, 91-92; 711 NW2d 44 (2006).

## V. CONCLUSION

For these reasons, we vacate defendant's CSC-III convictions and sentences. We affirm defendant's CSC-I conviction, vacate his CSC-I sentence, and remand for resentencing consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Mark T. Boonstra
/s/ Anica Letica

-11-